# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MCCLURE ENTERPRISES, INC.,**<br>　　　　　　　　**Plaintiff**<br><br>　　　　v.<br><br>**GREGORY E. FELLERMAN, NEW GENERATION COAL, INC.; ESTATE OF JOSEPH L. NOWAKOWSKI; KENNETH ("KENNY") NOWAKOWSKI, in his individual capacity and under power of attorney for Joseph L. Nowakowski; GEORGE ("NIPPER") NOWAKOWSKI; ROBERT J. ("BOBBY") KULICK; ROBACHELE, INC.; BALCHUNE ENVIRONMENTAL TESTING SYNDICATE; WILLIAM BALCHUNE,**<br>　　　　　　　　**Defendants** | **No. 3:06cv353**<br><br>**(Judge Munley)** |

## MEMORANDUM

　　　Before the court for disposition are motions to dismiss filed by the various defendants in this action asserting civil liability under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68. The motions have been briefed, and they are ripe for disposition.

**Background**

　　　Plaintiff McClure Enterprises, Inc. (hereinafter "plaintiff" or "McClure") is a licensed and permitted coal operator that has been active in the coal business since 1971. (Complaint, Doc. 1, (hereinafter "Compl."), ¶ 18). Plaintiff's principal place of business is in Lackawanna County, Pennsylvania. (Compl. ¶ 1). McClure is a party to several contracts to provide coal to co-generation plants in Northeastern, Pennsylvania, that use coal to generate electricity.

　　　In June 2002, Plaintiff entered into a lease of mineral rights on 156 acres of land owned by Defendant Joseph Nowakowski. The location is

known as the Colliery at No. 9.  (Compl. ¶¶ 18, 21).   The lease allowed plaintiff to remove all merchantable and workable coal and refuse from the Colliery at No. 9 in exchange for the payment of royalties to Defendant Joseph Nowakowski.  (Compl. ¶¶ 21-21).

Plaintiff then secured from the Pennsylvania Department of Environmental Protection an exploratory permit and later a surface mining permit to engage in mining activities.  (Compl. ¶ 30).  Plaintiff also expended "considerable sums of money" to outfit the mining operations. (Id.).  As a result of its efforts, in December 2003, plaintiff began delivering coal refuse from the location to its co-generation customers and continued to do so until March 11, 2005 during which time it paid more than $130,490.06 in royalties and advances against future royalties to Defendant Joe Nowakowski.  (Compl. ¶¶ 34-36).

Plaintiff asserts that in late September or early October 2004, an enterprise was formed to obtain plaintiff's operations at Collier at No. 9. (Compl. ¶¶ 38-39, 43, 45).  Defendant Robert J. "Bobby" Kulick, Defendant William Balchune, and Defendant Kenneth "Kenny" Nowakowski first approached the Nowakowskis about taking Colliery No. 9.  (Compl. ¶ 38). The Nowakowskis balked when they were first approached.  (Id.).

Defendant commenced using coercion and duress in order to obtain Joe Nowakowski's cooperation.  (Compl. ¶ 39).  Once they had Joe Nowakoski's cooperation, Defendant Kulick, through his company Robachele, began removing surface material from the property.  (Compl. ¶ 44).  The Balchune Defendants began removing coal refuse from the location to test its quality.  (Id.).

The Nowakowskis' role in the enterprise was to physically drive

2

plaintiff off the site.  In order to complete this goal, they engaged in physical intimidation, harassment and disruption of plaintiff's operations. (Compl. ¶ 46).  In addition, the Nowakowskis, Kulick and Balchune secured Gregory E. Fellerman's participation in the enterprise.  (Compl. ¶ 51). Fellerman is an attorney in private practice and an assistant district attorney with the Luzerne County District Attorney's Office.  (Compl. ¶ 2). Plaintiff asserts that Fellerman used his official capacity as an assistant district attorney to aid the enterprise.  (Compl. ¶ 52).   In spring 2005, Fellerman created Defendant New Generation to step in and take over plaintiff's mining permit.  (Compl. ¶ 53).  Fellerman also allegedly threatened to press criminal charges against Joseph Nowakowski if he did not cooperate.  (Compl. ¶ 55).

Defendants have, according to the complaint, completely blocked plaintiff's physical access to the location under continued threats to plaintiff and its employees.

Based upon these facts, plaintiff instituted the instant law suit.  The complaint raises the following five counts: 1)   Count I, Civil RICO, against all defendants; 2) Count II, breach of mineral lease and royalty agreement, against the Estate of Joseph L. Nowakowski;  3) Count III, tortious interference with contractual and economic advantage, against all defendants; 4) Count IV, tortious interference with contractual and economic advantage, against Defendants Fellerman, New Generation, Kenny Nowakowski, "Nipper" Nowakowski, Bobby Kulick, Robachelle, Inc., the Balchune Defendants and Does 1 through 20; 5) conversion, against all defendants.

After service of the complaint four separate motions to dismiss were

filed. The parties filing the motions were Balchune Environmental Testing and William Balchune; Gregory E. Fellerman and New Generation Coal, Inc.; Robert J. Kulick and Robachele, Inc.; and Kenneth "Kenny" Nowakowski, George "Nipper" Nowakowski and the Estate of Joseph L. Nowakowski.  These motions are presently before the court for disposition.

**Jurisdiction**

As this case is brought pursuant to the federal RICO statute, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

RICO prohibits conducting an "enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962. A plaintiff must plead the following to assert a proper RICO violation: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Lum v. Bank

of America, 361 F.3d 217, 223 (3d Cir. 2004).  The phrase "racketeering activity" is defined in terms of activity that violates other laws, including more than fifty (50) specifically mentioned federal statutes, which forbid, for example, murder-for-hire, extortion, and various kinds of fraud.  See 18 U.S.C. § 1961(1); Klehr v. A.O. Smith Corp., 521 U.S. 179, 183 (1997).  Although, RICO is generally criminal in nature, it also provides for civil remedies.  As to a civil RICO action, "[a]ny person injured in his business or property by reason of a" RICO violation may recover, *inter alia*, treble damages.  18 U.S.C. § 1964(c).  Plaintiff has brought such a RICO civil action.

The first motion to dismiss is filed by Defendants William Balchune and Balchune Environmental Testing Syndicate pursuant to Federal Rule of Civil Procedure 12(b)(6).   The Balchune Defendants raise the following three issues in their motion to dismiss: 1) plaintiff fails to allege a RICO "enterprise"; 2) alternatively, plaintiff should provide a more definite statement in the form of a RICO case statement; 3) plaintiff's state law causes of action should be dismissed.  We will address the first issue as we find it dispositive.

**RICO enterprise allegation**

As set forth above, one of the crucial assertions that a plaintiff in a RICO action must plead is the existence of an "enterprise".   RICO defines "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).

The United States Supreme Court has explained that "an 'enterprise' is not a 'pattern of racketeering activity' but is an entity **separate and apart**

from the pattern of activity in which it engages." United States v. Turkette, 452 U.S. 576, 577 (1981) (emphasis added).  The Bachune Defendants assert that the plaintiff has failed to allege the existence of an enterprise that is separate and apart from the alleged underlying pattern of racketeering activity.   They assert that plaintiff has not alleged that the enterprise has an existence beyond that which was merely necessary to commit to the predicate acts.

The Third Circuit Court of Appeals has held that in order to establish a RICO enterprise the following must be presented:  "evidence of an ongoing organization, formal or informal and evidence that the various associates function as a continuing unit.  In addition the enterprise must be shown to have an existence separate and apart from the pattern of activity in which it engages."  United States v. Riccobene, 709 F.2d 214, 221(3d Cir. 1983)(internal quotation marks and citations omitted) overruled on other grounds Griffin v. United States, 502 U.S. 46 (1991).

In support of its position, the Balchune Defendants cite Chang v. Chen, 80 F.3d 1293 (9th Cir. 1996).   The Chang court adopted for the Ninth Circuit "the majority interpretation of the enterprise element, which requires the organization formal or informal, to be 'an entity separate and apart from the pattern of [racketeering] activity in which it engages." Id. at 1298 (quoting Turkette, 452 U.S. at 583).  The court provided the following three reasons for adopting this approach:  1) adopting this definition of "enterprise" prevents the enterprise element from becoming superfluous - - if there were no need for the enterprise to be separate and apart from the pattern of racketeering activity, all patterns of racketeering activity would be enterprises; 2) it helps to maintain RICO's focus on organized crime

which has access to resources that pose a "special threat to legitimate business"; and 3) it prevents proof of a conspiracy to satisfy the enterprise element - - which is consistent with there being a separate RICO conspiracy section.  Id. at 1298-99.

Specifically, in Chang, the Ninth Circuit Court of Appeals dismissed an action where the plaintiffs had not pled sufficiently a "RICO Enterprise." Chang dealt with a real estate fraud scheme with various parties performing roles in the overall fraud.  The court found that the plaintiffs had not "alleged a structure to the organization beyond that which was inherent in the alleged acts of racketeering activity." Id. at 1300.   The Balchune Defendants assert that plaintiffs complaint suffers from the same deficiency.  We agree.

The plaintiffs assert that the various defendants performed various functions in an overall scheme to steal by force, coercion and duress the operation at Colliery No. 9 away from the plaintiff.  (See generally Compl.). However, just as in Chang, plaintiffs have failed to allege an enterprise with a  structure separate and apart from the structure inherent in the conduct of the pattern of racketeering activity.

Plaintiff argues that it is has properly alleged that a separate enterprise existed the purpose of which was to take over McClure's mineral rights and mining operations.  Plaintiff's argument is unconvincing.  Plaintiff has alleged an enterprise whose sole purpose was to commit the fraud. The various defendants took part in the underlying criminal activities in the furtherance of this overall goal according to the plaintiff.  In this respect plaintiff's complaint, like Chang, avers that various parties performed separate parts to achieve an overall fraud.   However, that does not equate

with an enterprise **separate and apart** from the pattern of racketeering activity.  The sole reason the defendants were associated in the alleged "enterprise" was to commit the criminal acts to achieve the ultimate goal.  Plaintiff does not allege that the organization comprised of the defendants "has some function wholly unrelated to the racketeering activity."  Riccobene, 709 F.2d at 223-24.   Plaintiff has not alleged that the "organization has an existence beyond that which is merely necessary to commit the predicate acts of racketeering."  Chang, 80 F.3d at 1299 (citing Riccobene, 709 F.2d at 224).

Accordingly, the Blachune's motion to dismiss will be granted.[1]  We will, however, grant the plaintiff twenty (20) days to file an amended complaint to properly plead a RICO enterprise.[2]  If plaintiff has not filed an amended complaint with twenty (20) days we will dismiss the case because without the federal RICO cause of action we do not have jurisdiction of the state law causes of action.   An appropriate order follows.

---

[1]As we will grant the Blachune Defendant's motion to dismiss, the remaining motions to dismiss will be denied as moot.

[2]We grant plaintiff leave to file an amended complaint out of an abundance of caution.   Based upon our understanding of the facts asserted in the complaint it is unlikely that plaintiff will be able to amend the complaint to bring it into compliance with the requirements of RICO.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MCCLURE ENTERPRISES, INC.,**<br>  **Plaintiff**<br><br>      **v.**<br><br>**GREGORY E. FELLERMAN, NEW GENERATION COAL, INC.; ESTATE OF JOSEPH L. NOWAKOWSKI; KENNETH ("KENNY") NOWAKOWSKI, in his individual capacity and under power of attorney for Joseph L. Nowakowski; GEORGE ("NIPPER") NOWAKOWSKI; ROBERT J. ("BOBBY") KULICK; ROBACHELE, INC.; BALCHUNE ENVIRONMENTAL TESTING SYNDICATE; WILLIAM BALCHUNE,**<br>  **Defendants** | **No. 3:06cv353**<br><br>**(Judge Munley)** |

## **ORDER**

    **AND NOW**, to wit, this 15th day of May 2007, the Balchune Defendants' motion to dismiss (Doc. 10) is hereby **GRANTED** to the extent that this case will be dismissed in twenty (20) days if the plaintiff fails to file an amended complaint that properly asserts a RICO enterprise.

    The motions to dismiss filed by the other defendants (Docs. 13, 14 and 26) are hereby **DENIED** as moot.

                                        **BY THE COURT:**

                                        **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**