IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MCCLURE ENTERPRISES, INC.,<br>　　　　　　　　　Plaintiff<br><br>　　　v.<br><br>GREGORY E. FELLERMAN, NEW GENERATION COAL, INC.; ESTATE OF JOSEPH L. NOWAKOWSKI; KENNETH ("KENNY") NOWAKOWSKI, in his individual capacity and under power of attorney for Joseph L. Nowakowski; GEORGE ("NIPPER") NOWAKOWSKI; ROBERT J. ("BOBBY") KULICK; ROBACHELE, INC.; BALCHUNE ENVIRONMENTAL TESTING SYNDICATE; WILLIAM BALCHUNE,<br>　　　　　　　　　Defendants | No. 3:06cv353<br><br>(Judge Munley) |

## MEMORANDUM

Before the court for disposition is the plaintiff's motion for reconsideration of this court's May 15, 2007 memorandum and order granting the motion to dismiss filed by Defendants Balchune Environmental Testing and William Balchune. The matter has been fully briefed and is ripe for disposition.

**Background**

As set forth in more detail in our May 15, 2007 memorandum, Plaintiff McClure Enterprises, Inc. filed the instant action asserting civil liability under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68. Plaintiff alleges that it has a lease of mineral rights on 156 acres of property owned by Defendant Joseph Nowakowski. Plaintiff avers that the defendants entered into an enterprise to obtain plaintiff's operations on the property. According to the plaintiff, defendants have completely blocked plaintiff's physical access to the

location under continued threats to plaintiff and its employees.

On May 15, 2007, we granted the motion to dismiss filed by Defendants Willaim Balchune and Balchune Environmental Testing Syndicate.  We granted the motion on the basis that plaintiff had failed to properly allege a RICO "enterprise."   We further granted plaintiff twenty (20) days to file an amended complaint.  Instead of filing an amended complaint, plaintiff filed the instant motion for reconsideration bringing the case to its present posture.

**Standard of review**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds in order for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677.   A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp.1109, 1122 (E.D. Pa. 1993).

**Discussion**

Our opinion of May 15th concluded that plaintiff had not alleged the existence of an enterprise that is separate and apart from the underlying pattern of racketeering, and as such failed to properly allege a RICO cause of action.  See United States v. Riccobene, 709 F.2d 214, 221 (3d

Cir. 1983) (explaining that a proper RICO enterprise must have an existence separate and apart from the pattern of activity in which it engages).

Plaintiff apparently proceeds on the basis that we made a clear error of law or an intervening change in controlling law. Plaintiff argues that one of the cases we discussed in support of our decision Chang v. Chen, 80 F.3d 1293 (9th Cir. 1996) has been overturned by the Ninth Circuit Court of Appeals, and we should thus reconsider our opinion.  We are unconvinced. Chang was, in fact, overruled by the Ninth Circuit eleven (11) days before we issued our opinion.  See Odum v. Microsoft, 486 F.3d 541 (9th Cir. 2007).   In overruling Chang, however, the Ninth Circuit acknowledged that is was taking a position different from that applied in the Third Circuit.  See, id. at 549-50 (explaining that the Third Circuit, Eighth Circuit, and Tenth Circuit "all require that there be an ascertainable organizational structure beyond whatever structure is required to engage in the pattern of illegal racketeering activity.")  Therefore, although, Chang, has been overturned, the Third Circuit cases upon which we relied still control and require that a RICO enterprise must have an existence separate and apart from the pattern of activity in which it engages. See Riccobene, supra. Accordingly, there is no basis for us to reconsider our previous ruling and the plaintiff's motion will be denied.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MCCLURE ENTERPRISES, INC.,**<br>        **Plaintiff** | : | **No. 3:06cv353** |
| | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **GREGORY E. FELLERMAN, NEW GENERATION COAL, INC.; ESTATE OF JOSEPH L. NOWAKOWSKI; KENNETH ("KENNY") NOWAKOWSKI, in his individual capacity and under power of attorney for Joseph L. Nowakowski; GEORGE ("NIPPER") NOWAKOWSKI; ROBERT J. ("BOBBY") KULICK; ROBACHELE, INC.; BALCHUNE ENVIRONMENTAL TESTING SYNDICATE; WILLIAM BALCHUNE,**<br>        **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 14th day of December 2007, the plaintiff's motion for reconsideration (Doc. 32) is hereby **DENIED**. The plaintiff shall have thirty (30) days from the date of this order to file an amended complaint as set forth in our memorandum of May 15, 2007, or this case will be dismissed.

**BY THE COURT:**

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**

4